## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------x
In re                                              :
                                                        :        Chapter 13
        THOMAS C. BAKER,         :
                                                        :        Bankruptcy No. 23-10766 (PMM)
                                        Debtor.  :
---------------------------------------------------------x

## THE CITY OF PHILADELPHIA'S
## OBJECTION TO THE PROPOSED CHAPTER 13 PLAN

TO THE HONORABLE PATRICIA M. MAYER:

      AND NOW, comes the City of Philadelphia, (the "City"), a priority creditor in the above-captioned case, by and through its Counsel, Megan N. Harper, Senior Attorney, pursuant to Bankruptcy Code §§ 506(b), 511, 1325(a)(5), and L.B.R. 3015-4, to object to the proposed Chapter 13 plan (the "Plan"), of the above-captioned debtor, (the "Debtor"). The City avers the following in support thereof:

      1.      On or about March 16, 2023, the Debtor filed a voluntary petition (the "Petition") for Chapter 13 bankruptcy with this Court.

      2.      A list of all real property owned by the Debtor was filed on June 6, 2023, which included the properties located at 3850 Woodhaven Road, Unit 1002, Philadelphia, Pennsylvania and 2525 S. Broad Street, Philadelphia, Pennsylvania (the "Subject Properties"). A copy of the Debtor's Amended Schedule A/B is attached hereto as **Exhibit A**.

      3.      The Subject Properties are alleged by the Debtor to have a current value of Four Hundred Seven Thousand Eight Hundred Eighty Dollars ($407,880.00). See **Exhibit A**.

      4.      On June 9, 2023, the City filed a secured claim in the amount of Three Thousand Eighty-Two Dollars and Ninety-Two Cents ($3,082.92) for unpaid water/sewer fees in

connection with one of the Subject Properties located as 2525 S. Broad Street, Philadelphia, Pennsylvania (the "Water/Sewer Claim"). A copy of the Water/Sewer Claim is attached hereto as **Exhibit B**.

5. On August 9, 2023, the City filed a secured claim in the amount of Thirty-Seven Thousand One Hundred Thirty-Eight Dollars and Seventy-Two Cents ($37,138.72) for unpaid real estate taxes, judgments, and commercial trash fees in connection with the Subject Properties (the "Tax Claim"). A copy of the Tax Claim is attached hereto as **Exhibit C**.

6. As neither the Debtor nor another party in interest has objected to the Tax Claim, they are deemed allowed. See 11 U.S.C. § 502(a).

7. On March 16, 2023, the Debtor filed the Plan, which provides for a total payment in the amount of Ninety Thousand Four Hundred Eighty Dollars ($90,480.00). A copy of the Plan is attached hereto as **Exhibit D**.

8. The City is entitled to post-petition interest on the Tax Claim until the last payment under the Plan. See 11 U.S.C. § 506(b); See also U.S. v. Ron Pair Enters., 489 U.S. 235 (1989), In re Nixon, 404 Fed. Appx. 575, 578 (3d Cir. 2010), In re Bernbaum, 404 B.R. 39, 42 (Bankr. D. Mass. 2009), and In re Soppick, 516 B.R. 733, 753 (Bankr. E.D. Pa. 2014).

9. The post-petition interest applicable to the real estate tax portion of the Tax Claim is the nine percent (9%) interest rate on real estate taxes assessed on the Subject Properties. See 11 U.S.C. § 511(a), Phil. Code § 19-1303, In re Bernbaum, 404 B.R. 39, 43 (Bankr. D. Mass. 2009), and In re Soppick, 516 B.R. 733, 753 (Bankr. E.D. Pa. 2014).

10. The post-petition interest applicable to the judgment portion of the Tax Claim is the six percent (6%) statutory interest rate of interest on judgments entered against the Debtor. See U.S. v. Ron Pair Enters., 489 U.S. 235 (1989), 42 Pa.C.S. §8101, and 41 P.S. § 202.

11. Furthermore, the Plan does not reflect an accurate amount to be paid to the City in connection with the Tax Claim.

12. Likewise, the Plan fails to reflect an accurate amount to be paid to the City in connection with the Water/Sewer Claim.

13. The Plan should not be confirmed as the City, a secured creditor, has not accepted the plan. See 11 U.S.C. 1325(a)(5)(A).

14. The Plan should not be confirmed as it fails to specify correct payment, and thus does not ensure that distributions under the plan are not less than the allowed amount of the Tax Claim. See 11 U.S.C. §§ 506(b), 1325(a)(5)(B)(ii).

WHEREFORE, the City respectfully requests that this Court DENY confirmation of the Plan.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: August 15, 2023     By:     */s/ Megan N. Harper*
MEGAN N. HARPER
Senior Attorney
PA Attorney I.D. 81669
Attorney for the City of Philadelphia
City of Philadelphia Law Department
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA  19102-1595
215-686-0503 (phone)
Email: Megan.Harper@phila.gov