# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# (PHILADELPHIA)

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| **Thomas C. Baker** | CASE NO.: **23-10766-pmm** |
| Debtor | |

**STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

It is hereby stipulated by and between Hill Wallack, LLP, counsel for NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Movant"), and Brad J. Sadek, Esquire, counsel for the Debtor, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. The Stipulation pertains to the property located at 3850 Woodhaven Road #1002, Philadelphia, PA 19154 (the "Property").

3. The Debtor currently have a post-petition arrearage **of $3,307.70** representing the monthly payments due on the First Mortgage from April 1, 2023 through August 1, 2023 (5 months @ $661.54/mo.) and Attorney's Fees and Cost in the amount of **$1,050.00** plus **$188.00** for a total of **$4,545.70**.

4. Debtor is to file an Amended Chapter 13 Plan within 30 days of this Order incorporating the post-petition arrears in the amount of **$4,545.70** to the pre-petition arrears in the amount of **$14,046.74** per the Proof of Claim filed May 19, 2023 for a total of **$18,592.44** to be cured over the life of the Plan.

5. Beginning **September 1, 2023**, Debtor shall commence payment of the regular monthly payment in the amount of **$661.54**, subject to adjustment on proper notice.

6. Should the Debtor fail to make any of the Post-Petition Monthly Payments due or file the amended Plan than Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within fifteen (15) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

7. In the event the Debtor converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

8. Debtor's tendering of a check to NewRez LLC d/b/a Shellpoint Mortgage Servicing, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

9. The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

10. The parties agree that a facsimile signature shall be considered an original signature.

*/s/*Angela C. Pattison
Angela C. Pattison, Esquire
Counsel for Movant

NO OBJECTION – WITHOUT PREJUDICE TO ANY TRUSTEE
RIGHTS OR REMEDIES

/s/Jack Miller
Jack Miller, Esquire
for Kenneth E. West,
Chapter 13 Trustee

/s/Brad J. Sadek
Brad J. Sadek, Esquire
Counsel for Debtor