UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| THOMAS C. BAKER | : | NO. 23-10766 PMM |

**NORTH POINT CONDOMINIUM ONE OWNER'S ASSOCIATION'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)**

**COMES NOW,** North Point Condominium One Owner's Association (the "Association"), by and through its attorneys, Gawthrop Greenwood, PC, and moves this Honorable Court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. §362(d) and to enforce post-Petition rights pursuant to 11 U.S.C. §523(a)(16), and in support thereof, states as follows:

1. The Association is a condominium association organized and existing under and pursuant to that certain Declaration of Condominium, dated June 11, 1981, and recorded in Philadelphia County, that certain Amended and Restated Declaration of Condominium of North Point Condominium I, dated May 27, 1991, recorded in Philadelphia County (the "Amended Declaration"), and pursuant to the Pennsylvania Uniform Condominium Act, 68 Pa. C.S. §3101 *et seq.* (the "UCA").

2. The Debtor, Thomas Baker (the "Debtor"), is an adult individual who resides and receives mail at 3850 Woodhaven Road, No. 1002, Philadelphia, Pennsylvania 19154 (the "Unit").

3. The Unit is located within North Point Condominium One Owner's Association.

4. As a consequence, the Unit and the Debtor are subject to the provisions of the Amended Declaration, as well as the Association's Bylaws, Rules and Regulations, and the provisions of the UCA.

5. Baker filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §101, *et seq.* (the "Code"), on March 16, 2023.

6. Upon filing the Petition, an Order for relief was entered in favor of the Debtor.

7. The Debtor filed a prior Petition under Chapter 13 of the Code at Case No. 20-14550-ELF (the "First Petition").

8. The First Petition was dismissed by Order, dated November 22, 2022, on Motion by the Standing Trustee.

9. After the First Petition was dismissed, the Association filed a Complaint in the Court of Common Pleas of Philadelphia County at Case Number 230301756 to enforce its rights under the Amended Declaration and the UCA.

10. However, said proceeding was stayed upon the filing of the above-captioned Petition.

11. Pursuant to Section 9.1 of the Amended Declaration, the Association, acting through its Board of Directors, has the power to fix and determine the Association's Common Expenses and to assess owners of Units within North Point Condominium One for a proportionate share of such expenses.

12. Furthermore, pursuant to Section 9.03 of the Amended Declaration, and Section 3315(a) of the UCA, the Association has a lien against each unit for any unpaid Common Expense Charges together with interest, reasonable attorneys' fees incurred by the Association incident to the collection of any Common Expense Charges or for the enforcement of a lien, as well as any expense incurred by the Association to preserve and protect its lien. Relevant provisions from the Amended Declaration are attached hereto and incorporated herein as Exhibit "A."

13. In addition, pursuant to Section 9.03 of the Amended Declaration, the owner of a unit is personally liable to the Association for unpaid Common Expense Charges.

14. Pursuant to Section 523(a)(16) of the Code, condominium association assessments which become due and payable after the Order for Relief are not dischargeable.

15. Pursuant to the Amended Declaration and Section 3315 of the UCA, unpaid post-Petition assessments also constitute a lien against the Unit.

16. Consistent with its obligations under the Amended Declaration, the Association's Bylaws, and Rules and Regulations, the Association provides "actual and necessary" services which preserve the value of the Unit.

17. Notwithstanding his obligations under the Declaration, Debtor failed to transmit post-Petition assessment payments to the Association due on and after September 1, 2023, resulting in a post-Petition assessment delinquency in the amount of $1,186.00 exclusive of costs and the Association's attorney's fees.

18. Section 362(d) of the Code provides, in pertinent part, as follows:

> On request of a party in interest after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if -
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization.

19. The Association is entitled to an Order granting it immediate relief from the automatic stay imposed by 11 U.S.C. §362(a) of the Code for cause, due to the lack of adequate protection for the Association's lien against the Unit including unpaid post-Petition assessments.

20. Furthermore, the Association is entitled to an Order granting it immediate relief from the automatic stay imposed by 11 U.S.C. §362(a) for cause, because there is no equity in the Unit and the Association should thus be authorized to resume state court proceedings to recover the non-dischargeable, unpaid, post-Petition assessments.

**WHEREFORE,** North Point Condominium One Owner's Association moves this Honorable Court to enter an Order:

    A.    Terminating the automatic stay as to North Point Condominium One Owner's Association with respect to the Unit;

    B.    Permitting North Point Condominium One Owner's Association to take such actions and seek such remedies with respect to the Unit as are permitted by state law;

    C.    Permitting North Point Condominium One Owner's Association to initiate *in personam* proceedings against the Debtor in state court to recover non-dischargeable post-Petition assessments; and

    D.    Granting such other and further relief as this Honorable Court deems just and proper.

                            GAWTHROP GREENWOOD PC

By: _____
      Steven L. Sugarman, Esquire
      Elliot H. Berton, Esquire
      Attorneys for North Point Condominium
       One Owner's Association