## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| THOMAS C. BAKER | : | NO. 23-10766 PMM |

### STIPULATION RESOLVING NORTH POINT CONDOMINIUM ONE OWNERS' ASSOCIATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT 11 U.S.C. §362(d)

**COMES NOW**, North Point Condominium One Owners' Association (the "Association") and Thomas J. Baker ("Baker"), by and through their respective counsel, and by way of Stipulation Resolving the Association's Motion for Relief from the Automatic Stay, states as follows:

    A.    The Association is a condominium association organized under and pursuant to a recorded Declaration, as amended, and pursuant to the Pennsylvania Uniform Condominium Act, 68 Pa. C.S. §3101, *et seq.* (the "UCA").

    B.    Baker is an adult individual who resides in and receives mail at 3850 Woodhaven Road, Unit 1002, Philadelphia, Pennsylvania 19154 (the "Unit").

    C.    The Unit is located within, and is part of, North Point One Condominium, and as such, Baker and the Unit are subject to the provisions of the recorded Declaration, as amended, other documents governing the operation of the Association, and the UCA.

    D.    Pursuant to the recorded Declaration and Section 3315 of the UCA, the Association holds a lien against the Unit for all unpaid assessments, including Common Expense charges, any special assessments, utility charges, late charges, interest, fines, and reasonable attorney's fees (the "Assessments").

    E.    In addition, pursuant to Section 523(a)(16) of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Code"), Assessments which accrue after the Petition was filed are not dischargeable.

    F.    Consistent with its obligations under the Declaration, as amended, as well as the Association's Bylaws and the UCA, the Association provides services and benefits to Baker and the Unit which preserve the value of the Unit.

    G.    Baker filed a voluntary Petition under Chapter 13 of the Code on March 16, 2023.

H. Baker has filed prior Petitions under the Bankruptcy Code, including a Chapter 13 Petition at Case No. 20-14550 ELF, which Petition was dismissed by Order, dated November 22, 2022, on Motion by the Standing Trustee.

I. On November 7, 2023, the Association filed a Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362(d) to enforce its lien rights against the Unit because Baker did not remit all post-Petition Assessments to the Association as such charges came due.

J. Baker filed an Answer in Opposition to the Association's Motion.

K. Additional Assessments have accrued since the date the Association's Motion was filed.

L. The Association and Baker desire to resolve the Motion, and to provide for an orderly resolution of the delinquent post-Petition Assessments.

**NOW THEREFORE**, intending to be legally bound hereby, the parties hereto Stipulate and Agree as follows:

1. On January 1, 2024, and on or prior to the first day of each month that this Stipulation remains in effect, Baker shall remit common expense assessments, any duly adopted special assessments, or other charges, when due to the Association. As of the date hereof, monthly common expense assessments and utility charges are accruing at the rate of $362.00 per month.

2. It is agreed that, as of December 1, 2023, the post-Petition Assessment delinquency, exclusive of the Association's legal fees, totaled $1,786.02. Baker shall resolve this post-Petition delinquency in six (6) equal installments each in the amount of $297.67, payable on or prior to January 1, 2024, and on or prior to the first day of each consecutive month thereafter.

3. Baker shall comply with the provisions of any proposed or confirmed Chapter 13 Plan.

4. If Baker fails to remit payments when due, the Association may assess a late fee.

5. Baker shall maintain insurance on the Unit and timely pay all mortgage installments, utility charges, or any other obligation which may become a priority lien against the Unit.

2

6. In the event that Baker remains in default from any provision of this Stipulation for a period of ten (10) days from the date of written notice to Baker transmitted by first-class mail to the Unit, with a copy to Baker's attorneys, Sadek Law Offices, LLC, via first-class mail to 1500 JFK Boulevard, Suite 220, Philadelphia, PA 19102, and via electronic mail to Brad@sadeklaw.com, the Association may file a Certification of Counsel of Default. The automatic stay shall be terminated as to the Unit upon issuance of an Order granting the Association such relief.

7. This Stipulation may be executed in counterparts and via facsimile or other electronic transmission, each of which, when assembled and attached hereto, shall constitute one and the same agreement.

**IN WITNESS WHEREOF**, the parties hereto have authorized their respective attorneys to execute this Stipulation and submit same to the Bankruptcy Court for approval.

SADEK LAW OFFICES, LLC

By: _____
Brad J. Sadek, Esquire
Attorneys for Debtor, Thomas J. Baker

GAWTHROP GREENWOOD, PC

By: _____
Elliot H. Berton, Esquire
Attorneys for North Point Condominium
One Owners' Association

NO OBJECTION WITH RESERVATION OF ALL RIGHTS

KENNETH E. WEST, STANDNG TRUSTEE

*/s/ Jack Miller, Esquire*

By: _____